UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| SCOT E. CHAPMAN and LINDA CHAPMAN, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 4:14CV01526 AGF |
| FEDERAL NATIONAL MORTGAGE ASSOCIATION and NATIONSTAR MORTGAGE, LLC, | ) ) ) ) | |
| Defendants. | | |

**MEMORANDUM AND ORDER**

This matter, arising out of the foreclosure of Plaintiffs' home pursuant to their default on a residential mortgage, is before the Court on Plaintiffs' motion to remand the case to state court. For the reasons set forth below, the motion shall be denied.

Plaintiffs Scot Chapman and Linda Chapman commenced this action in Missouri State Court, alleging that the two corporate Defendants wrongfully foreclosed on their home in violation of state law, including the Missouri Merchandising Practices Act ("MMPA"), and also violated the federal Real Estate Settlement Act, Truth in Lending Act, and Fair Debt Collection Practices Act in their collection efforts and in failing to credit all payments made by Plaintiffs. Plaintiffs sought to enjoin a state unlawful detainer action brought by Defendants against them, declaratory judgment, attorney's fees, costs, statutory penalties, and "actual and punitive damages."

On September 5, 2013, Defendant Nationstar Mortgage LLC ("Nationstar") filed a Notice of Removal based on two grounds: federal question jurisdiction pursuant to 28

U.S.C. §1331, and diversity jurisdiction under 28 U.S.C. §1332, as Plaintiffs and Defendants have diverse citizenship and, according to Nationstar, the amount in controversy exceeds $75,000. In support of the amount in controversy assertion, Nationstar represented that the unpaid balance of the loan was $78,109.86 at the time of the foreclosure sale and that the property sold for $65,635.21 at foreclosure. In addition, Nationstar noted that Plaintiffs were seeking fees, costs, penalties, and actual and punitive damages.

After removal, the two Defendants filed answers. Thereafter, on December 15, 2014, Plaintiffs filed an amended complaint, without seeking leave of the Court as required by Federal Rule of Civil Procedure 15. The amended complaint removed all federal causes of action. Also on December 15, 2014, Plaintiffs filed the motion to remand now under consideration. In seeking remand, Plaintiffs point to the fact that their amended complaint no longer contains any federal causes of action and, in addition, they state that the amount in controversy "is not believed to exceed $75,000.00." (Doc. No. 15.)

In opposition to remand, Defendants argue that Plaintiffs' amended complaint should not be considered by the Court as it was filed without leave when leave was required. They also argue that in any event, diversity jurisdiction exists as Plaintiffs have not specifically limited their damages, via stipulation or otherwise, to an amount below $75,000 and the relief Plaintiffs seek may well result in damages in excess of $75,000. Defendants point to recent Missouri cases under the MMPA in which actual damages were relatively minimal, but fees and punitive damages exceeded $75,000.

When removal is based on diversity of citizenship, the amount in controversy must exceed $75,000, exclusive of interest and costs. 28 U.S.C. 1332(a) (1). The United States Supreme Court recently held that a notice of removal need not include evidentiary submissions to support an allegation that the amount in controversy is met; rather it is sufficient to allege the "requisite amount plausibly." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (Dec. 15, 2014). If the plaintiff contests the defendant's allegation, § 1446(c)(2)(B) instructs: "[R]emoval . . . is proper on the basis of an amount in controversy asserted" by the defendant "if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds" the jurisdictional threshold.

Here the Court agrees with Defendants that the amount of the outstanding debt and the value of the property, together with Plaintiffs' request for attorney's fees and punitive damages, moves this case beyond the threshold amount in controversy. *See Wyatt v. Liberty Mortg. Corp.*, No. 4:13-cv-00317-DGK, 2013 WL 6730298, at *6 (W.D. Mo. Dec. 19, 2013) (citing *Garland v. Mortg. Elec. Registration Sys., Inc.*, No. 09-72 (JNE/JJG), 2009 WL 1684424, at *2 (D. Minn. June 16, 2009) ("[W]here there is a dispute about the validity of a foreclosure, the amount in controversy will either be the amount of the underlying debt or the fair market value of the property.")).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' amended complaint that was filed on December 15, 2014, shall be deemed filed with leave of Court.

**IT IS FURTHER ORDERED** that Plaintiffs' motion to remand the case to state

court is **DENIED**.  (Doc. No. 15.)

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 7th day of January, 2015.